# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 14, 2019

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| KIRK FRANCESCHINI,              * | |
| * | No. 16-1112v |
| Petitioner,           * | |
| v.                                         * | Special Master Gowen |
| * | |
| SECRETARY OF HEALTH       * | Decision on Damages; Stipulation; Influenza |
| AND HUMAN SERVICES,         * | ("Flu"); Tetanus-diphtheria-acellular |
| * | pertussis ("Tdap"); Septic Arthritis. |
| Respondent.           * | |
| * * * * * * * * * * * * * * * * * * | |

Robert J. Killeen, Killeen & Stern, P.C., Houston, TX, for petitioner.
Ryan D. Pyles, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON DAMAGES[1]

On September 7, 2016, Kirk Franceschini ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that an influenza ("flu") vaccination and a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination, that he received on November 6, 2013, caused him to suffer either brachial neuritis or a shoulder injury related to vaccine administration ("SIRVA"). The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On March 20, 2017, respondent filed a report pursuant to Vaccine Rule 4(c), in which respondent recommended that petitioner be awarded compensation for septic arthritis in his left shoulder. Respondent's Report ("Resp. Rept.") (ECF No. 18) at 1. Respondent further agrees

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

that petitioner continued to seek treatment for his arm/ shoulder pain for more than six months after the onset of his condition and he also had inpatient hospitalization. *Id.* at 4-5.
Also on March 20, 2017, Chief Special Master Dorsey, then presiding over the case in the SPU, issued a ruling that petitioner was entitlement to compensation. Ruling on Entitlement (ECF No. 19). The case was moved to the damages phase. On February 8, 2018, the case was transferred to the undersigned for further proceedings. Notice of Reassignment (ECF No. 40).

On May 14, 2019, the parties filed a stipulation providing that a decision should be entered awarding compensation to petitioner. Stipulation (ECF No. 58), attached hereto as Appendix A.

The stipulation awards:

1) **A lump sum of $256,000.00, in the form of a check payable to petitioner.** This amount represents all damages that would be available under 42 U.S.C. § 300aa-15(a) for injuries related to, and/ or alleged to be related to, petitioner's receipt of the flu and/ or Tdap vaccines.

I find the stipulation reasonable and I adopt it as the decision of the Court in awarding damages, on the terms set forth therein. Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KIRK FRANCESCHINI,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 16-1112V<br>Special Master Thomas L. Gowen<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Kirk Franceschini ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza (flu) vaccine and/or a tetanus-diphtheria-acellular pertussis (Tdap) vaccine, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received flu and Tdap vaccines on November 6, 2013.

3. The vaccines were administered within the United States.

4. Petitioner suffered from septic arthritis of the left shoulder and related sequelae as a result of his vaccinations, either singly and/or in combination.

5. Petitioner experienced the residual effects of his injury for more than six months.

6. There is not a preponderance of evidence demonstrating that petitioner's condition is due to a factor unrelated to vaccination.

7. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of his condition.

8. Accordingly, petitioner is entitled to compensation under the terms of the Vaccine Act for his septic arthritis and related sequelae. Therefore, a decision should be entered awarding the compensation described in paragraph 9 of this Stipulation.

9. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$256,000.00** in the form of a check payable to petitioner. This amount represents all compensation for damages that would be available under 42 U.S.C. § 300aa-15(a) for injuries related to, and/or alleged to be related to, petitioner's receipt of the flu and/or Tdap vaccines.

10. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

11. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

12. Payment made pursuant to paragraph 9 and any amounts awarded pursuant to paragraph 10 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

14. In return for the payments described in paragraphs 9 and 10, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu and/or Tdap vaccinations administered on November 6, 2013, as alleged by petitioner in a petition for vaccine compensation filed on September 7, 2016, in the United States Court of Federal Claims as petition No. 16-1112V.

15. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*(signature)*

KIRK FRANCESCHINI

ATTORNEY OF RECORD FOR
PETITIONER:

*(signature)*

ROBERT J. KILLEEN, JR.
KILLEEN & STERN, PC
1811 Bering Dr., Ste. 120
Houston, TX 77057
(713) 626-5100

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*(signature)*

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*Ward Sorensen for*
NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*(signature)*

RYAN D. PYLES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847

Dated: May 14, 2019