# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 10, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | UNPUBLISHED |
| KIRK FRANCESCHINI, | * | |
| | * | No. 16-1112v |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; Non- |
| AND HUMAN SERVICES, | * | Compensable Legal Research; |
| | * | Excessive Billing; Administrative |
| Respondent. | * | Tasks; State Court Petition. |
| * * * * * * * * * * * * | * | |

*Robert J. Killeen*, Killeen & Stern, P.C., Houston, TX, for petitioner.
*Ryan D. Pyles*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 7, 2016, Kirk Franceschini ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving trivalent influenza ("flu") and a tetanus-diphtheria-acellular pertussis ("Tdap") vaccinations on November 6, 2013, he developed injuries including brachial neuritis and/or shoulder injury related to vaccine administration ("SIRVA"). *Id.* at 1.

The case was assigned to the Special Processing Unit ("SPU"). Notice of Assignment (ECF No. 3). On March 20, 2017, respondent filed a report pursuant to Vaccine Rule 4(c), in which respondent recommended that petitioner be awarded compensation for septic arthritis in his left shoulder. Respondent's Report ("Resp. Rept.") (ECF No. 18) at 1. That same day, the

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Chief Special Master issued a ruling that petitioner was entitled to compensation. Ruling on Entitlement (ECF No. 19). The case entered the damages phase. On February 8, 2018, the case was transferred to the undersigned for further proceedings. Notice of Reassignment (ECF No. 40). On May 14, 2019, the parties filed a stipulation (ECF No. 58) which I adopted in a Decision awarding damages that same day (ECF No. 59).

On September 6, 2019, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees and Costs ("Fees App.") (ECF No. 65). Petitioner requests $86,798.50 in attorneys' fees and $14,426.06 in attorneys' costs, for a total request of $101,224.56. *Id.* at 54, 59. That same day, respondent filed a response (ECF No. 66). Respondent was "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent did not raise any specific objections to the hourly rates, time expended, or costs incurred but instead, "respectfully recommend[ed] that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner did not file a reply.

Upon observing that petitioner's motion for attorneys' fees and costs did not include any information supporting the rates for two attorneys who entered time on the case, I ordered petitioner to submit a supplemental affidavit on that subject. Scheduling Order filed October 21, 2019 (ECF No. 67; *see also* Affidavit filed October 31, 2019 (ECF No. 68). This matter is now ripe for adjudication.

## I. Analysis

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). In this case, petitioner was awarded compensation pursuant to a stipulation, therefore he is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The product is then adjusted upward or downward based on other specific findings. *Id.*

A petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### A. Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera*, 515 F.3d at 1348. In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F.3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. V. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

In this case, Mr. Killeen practices in Houston, Texas. Special masters have consistently awarded forum rates to legal professionals practicing in the greater Houston area. *See, e.g.*, *Gram v. Sec'y of Health & Human Servs.*, No. 15-515V, 2019 WL 6520386 at *2 (Fed. Cl. Spec. Mstr. Nov. 15, 2018) (citing *Johnson v. Sec'y of Health & Human Servs.*, No. 14-254V, 2017 WL 2927307, at * 3 (Fed. Cl. Spec. Mstr. June 6, 2017) (collecting cases)). Therefore, forum rates apply in this case.

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has adopted the framework set forth in *McCulloch* and has promulgated updated rates for subsequent years.[3]

Petitioner requested that his counsel of record Mr. Robert Killeen receive $395.00 per hour for all work performed from 2014 – 2019. Fees App. at 3. Mr. Killeen avers that he graduated from the Tulane University School of Law in May 1987. *Id.* He was admitted to practice law in the state of Louisiana in 1987, followed by the state of Texas in 1990. *Id.*[4] Thus, upon agreeing to represent petitioner in this case in 2014, he had twenty-seven years of experience in legal practice. His requested rate of $385.00 per hour is within the ranges for forum attorneys with his level of experience. I do not see other cause to adjust his rate. Therefore, it will be awarded.

Petitioner requested that "Tracy Johnson" receive $285.00 per hour for work performed from 2014 – 2016. Fees App. at 54. The fee application did not provide any further information about this individual. I allowed petitioner's counsel of record Mr. Killeen to file a supplemental

---

[3] Office of Special Masters – Attorneys' Forum Hourly Rate Fee Schedules, available at https://www.uscfc.uscourts.gov/node/2914.

[4] *See also* State Bar of Texas, *Find A Lawyer – Robert Killeen*, available at https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=174805 (last accessed December 6, 2019).

affidavit providing more information. Scheduling Order filed October 21, 2019 (ECF No. 56). In the supplemental affidavit, Mr. Killeen avers that the individual's official name is Gerald M. Johnson III. Supp. Affidavit filed October 31, 2019 (ECF No. 68) at 2. Mr. Johnson graduated from Tulane Law School in 1989. *Id.* He was admitted to practice law in the state of Louisiana in 1989 followed by the state of Texas in 1990. *Id.*[5] I find that Mr. Johnson's requested rate of $285.00 per hour is reasonable and need not be adjusted.

Finally, petitioner requests that Mr. Ranny Sawaf receive $275.00 per hour for work performed from 2016 – 2018. Fees App. at 54. Again, the fee application itself did not provide any information about this individual. Mr. Killeen's supplemental affidavit provides that Mr. Sawaf graduated from the Michigan State University College of Law in 2004. Supp. Affidavit at 2. Mr. Sawaf was admitted to practice law in the state of Michigan in 2004 and Texas in 2015. *Id.*[6] I find that his rate is also reasonable and shall be awarded.

### B. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra-office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-765V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016) (collecting cases). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

---

[5] *See also* State Bar of Texas, *Find A Lawyer – Gerald M. "Tracy" Johnson III*, available at https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=173682 (last accessed December 6, 2019).

[6] *See also* State Bar of Texas, *Find A Lawyer – Ranny Samer "Ranny" Sawaf*, available at https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=345645 (last accessed December 6, 2019).

Upon review of petitioner's application, I find that a number of the hours billed were "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. Petitioner first made contact about a potential legal claim in March 2014, after which counsel billed for legal research about the Texas Medical Liability Act. Fees App. at 5. They proceeded to work up a state tort claim. For example, on May 2, 2014, counsel recorded receipt of two opinions from medical professionals located in New York, "confirming reasonable expectation of not contracting staph from the flu shot administered by Walgreens." *Id.* at 6. On October 7, 2014, counsel billed time for "analyz[ing] and conduct[ing] legal research re: expert opinion and content of report." *Id.* at 7. In June 2015, counsel made multiple entries, totaling 3.8 hours, for legal research regarding expert testimony establishing negligence. *Id.* at 10. Counsel eventually retained a medical professional based in Texas and obtained petitioner's medical records. *Id.* at 6-12.

It appears that counsel first became aware of the Vaccine Act via conversation with another attorney, in November 2015. *Id.* at 12. Counsel then billed for research on the Vaccine Act's jurisdiction, filing requirements, the availability of discovery, the standard of proof, admission of expert witnesses, and other basic aspects of the Program. *Id.* at 12-14, 17. Counsel also billed considerable time for seeking admission to practice before the U.S. Court of Federal Claims. *Id.* at 14-15.

Time spent for the attorney to gain admission to the Court is generally not compensated. I also find it unreasonable for counsel to bill for working up the anticipated state tort claim and for basic research on the Vaccine Program. The Vaccine Act provides for "reasonable attorneys' fees… incurred on any proceeding on such petition." § 15(e)(1). This encompasses work on the Vaccine Act petition, not on a tort claim in state court. However, counsel's communications with the petitioner, development of the facts, and obtaining the medical records had substantial carry-over value once counsel became aware of the Vaccine Act. Thus, a portion of those hours may be compensated.

Eventually, counsel gained admission to practice before this Court and filed the petition on September 7, 2016. The subsequent billing records appear somewhat excessive. In my experience, many attorneys practicing in the Vaccine Program utilize billing software that allows a minimum time increment of 0.1 (one-tenth of an hour, which is six minutes). However, in this case, counsel's minimum time increment seems to be 0.2 (two-tenths of an hour, or twelve minutes). Counsel made many time entries for at least 0.2 hour that should not take that much time. For example, on January 30, 2017, counsel billed 0.2 hours for receipt and review of a docket entry noting an informal communication between the Court and the parties. Fees App. at 20; *see also* Informal Communication filed January 30, 2017 (Non-PDF). That same day, counsel billed 0.2 hours for receipt and review of a docket entry confirming his own filing of petitioner's exhibit 7. Fees App. at 20; *see also* Notice of Filing filed January 30, 2017 (ECF No. 13). These examples are illustrative and not an exhaustive list of what seem to be excessive billing for simple tasks.

Counsel also billed time, at a minimum increment of 0.2 hours, for communicating with the Court to schedule status conferences. *See, e.g.*, Fees App. at 38, 49. Beyond the observation that this time increment appears excessive, scheduling is an administrative task which is not compensable.

In the damages phase of the case, petitioner's counsel billed significant time related to a lost wages claim including the generation of expert reports. The Court stressed several times the importance of providing detailed documentation of the damages claimed and that those were "a direct result of [petitioner's] injury." Scheduling Order filed October 30, 2017 (ECF No. 33) at 2; *see also* Scheduling Order filed May 14, 2018 (ECF No. 42) at 1-2; Scheduling Order filed November 6, 2018 (ECF No. 51) at 2-3. Additionally, he incorrectly requested compensation to a corporation in which the petitioner had an interest, when the Vaccine Act authorizes only a claim for lost wages sustained by the individual vaccinee. Scheduling Order (ECF No. 42) at 2; Scheduling Order (ECF No. 51) at 2. Fortunately, petitioner's counsel ultimately recognized these comments and the parties resolved damages informally. Upon review of the billing entries and my familiarity with the case, I find that the time billed in the damages phase was excessive.

For the foregoing reasons and in an exercise of my discretion, I find that the requested attorneys' fees should be reduced by 25%. Accordingly, I award $65,098.87 in attorneys' fees.

### C. Attorneys' Costs

A request for reimbursement of costs, similar to fees, must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). In this case, petitioner's counsel requests $14,626.07 in attorneys' costs. Fees App. 59. The majority of the costs are generally reasonable. However, it is unreasonable to request that the Vaccine Program reimburse $318.96 for the fee for filing a claim on behalf of petitioner in Travis County, Texas. Fees App. at 55. Accordingly, I award $14,107.10 in attorneys' costs.

## II. Conclusion

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED**. I award the following reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested: | $86,798.50 |
| *Reductions for Numerous Billing Issues:* | *- $21,699.63* |
| **Attorneys' Fees Awarded:** | **$65,098.87** |
| | |
| Attorneys' Costs Requested: | $14,426.06 |
| *Reduction for State Court Petition:* | *- $ 318.96* |
| **Attorneys' Costs Awarded:** | **$14,107.10** |
| | |
| **Attorneys' Fees and Costs Awarded:** | **$79,205.97** |

Accordingly, I award the following:

1) **A lump sum in the amount of $79,205.97, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel Robert J. Killeen of Killeen & Stern, P.C.[7]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

        **s/Thomas L. Gowen**
        Thomas L. Gowen
        Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[8] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).